THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

VERNON BENNETT,

        Plaintiff,

        v.

GEMMA SMITH and CAROL EINERSON,

        Defendants.

Case No. 3:24-cv-00271-RRB

## SCREENING ORDER

Self-represent prisoner Vernon Wayne Bennett ("Plaintiff") filed a civil rights complaint against Nurse Practitioner Genna Smith and Superintendent Carol Einerson alleging he received inadequate medical care at the Wildwood Correctional Center ("WCC") in the custody of the Alaska Department of Corrections ("DOC").[1] Plaintiff also filed a civil cover sheet and an application to waive prepayment of the filing fee.[2]

Plaintiff claims that between May and November 2021, while he was a pretrial detainee, he reported increasing hip pain, loss of function, loss of access to programs, etc., but was denied adequate medical care.[3] Specifically, Plaintiff was denied an x-ray, injections, and pain relief medication other than over-the-counter Nonsteroidal Anti-inflammatory Drugs ("NSAIDs").[4] Plaintiff claims that in November 2021, even the NSAIDs were discontinued and Defendant Smith recommended "rest and relaxation" as

---

[1] Docket 1.

[2] Dockets 2–3.

[3] Docket 1 at 3.

[4] Docket 1 at 5.

his treatment plan.[5] Plaintiff claims an unwritten DOC policy prevented him, as a pretrial detainee, from receiving adequate medical care. Plaintiff also claims he was put in "the hole" for 14 days as punishment for requesting care, so he stopped filing grievances.[6]

Plaintiff did not seek medical care or file any additional grievances from January 2022 until he was sentenced in July 2023. In August 2023, Plaintiff was given an x-ray that revealed continued degeneration in his left hip and new degeneration in his right hip.[7] Plaintiff claims his surgery was delayed due to alleged scheduling issues. So, on October 16, 2023, Plaintiff filed a grievance against the medical department seeking surgical intervention.[8] On January 31, 2024, Plaintiff claims he finally had a full hip replacement on his left hip.[9] Plaintiff claims his mobility continues to improve and he is mostly pain free.[10] Plaintiff seeks monetary damages for the alleged excruciating pain, loss of function, and suffering he experienced due to Defendants' deliberate indifference to his medical needs.[11]

The Court has now screened Plaintiff's Complaint in accordance with 28 U.S.C. §§ 1915(e) and 1915A. For the reasons discussed in this order, Plaintiff's Complaint fails to adequately state a claim for which relief may be granted. Therefore, the Complaint is DISMISSED. However, Plaintiff is accorded **60 days** to file an amended complaint that

---

[5] Docket 1 at 5.

[6] Docket 1 at 6.

[7] Docket 1 at 8.

[8] Docket 1 at 8.

[9] Docket 1 at 10.

[10] Docket 1 at 10.

[11] Docket 1 at 11.

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 2 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 2 of 17

attempts to correct the deficiencies identified in this order. Alternatively, Plaintiff may file a notice of voluntarily dismissal in which he elects to close this case. If Plaintiff fails to respond to this order, this case will be closed, and it will count as a "strike" under 28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future cases under Section 1983 in federal court.

## SCREENING STANDARD

Under the Prison Litigation Reform Act, a federal district court must screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity.[12] In this screening, a district court shall dismiss the case at any time if the court determines that the action:

    (i)    is frivolous or malicious;

    (ii)    fails to state a claim on which relief may be granted; or

    (iii)    seeks monetary relief against a defendant who is immune from such relief.[13]

In conducting its screening review, a district court must accept as true the allegations of the complaint, construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor.[14] However, a court is not required to accept as true conclusory allegations, unreasonable inferences, or unwarranted deductions of fact.[15] Although the scope of review generally is limited to the contents of

---

[12] 28 U.S.C. §§ 1915, 1915A.

[13] 28 U.S.C. § 1915(e)(2)(B).

[14] *Bernhardt v. L.A. County*, 339 F.3d 920, 925 (9th Cir. 2003) (holding that a court must construe pleadings filed by self-represented litigants liberally and afford the complainant the benefit of any doubt).

[15] *Doe I v. Wal–Mart Stores, Inc.*, 572 F.3d 677, 681 (9th Cir. 2009) (internal quotation marks and

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 3 of 17
Case 3:24-cv-00271-RRB     Document 7     Filed 07/23/25     Page 3 of 17

the complaint, a court also may consider documents attached to the complaint, documents incorporated by reference in the complaint, or matters of judicial notice.[16] Such documents that contradict the allegations of a complaint may fatally undermine the complaint's allegations.[17]

Rule 8 of the Federal Rules of Civil Procedure provides that a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."[18] A complaint fails to state a claim for relief under Rule 8 if the factual assertions in the complaint, taken as true, are insufficient for the screening court plausibly "to draw the reasonable inference that the defendant is liable for the misconduct alleged."[19] Moreover, even if a compliant meets the pleading requirements, dismissal under § 1915 is still appropriate if an affirmative defense, such as untimeliness, is an "obvious bar to securing relief on the face of the complaint."[20]

Before a court may dismiss any portion of a complaint, a court must provide a plaintiff with a statement of the deficiencies in the complaint and an opportunity to file an amended complaint, unless to do so would be futile.[21] Futility exists when "the allegation

---

citation omitted).

[16] *United States v. Ritchie,* 342 F.3d 903, 908 (9th Cir. 2003).

[17] *Sprewell v. Golden State Warriors*, 266 F.3d 979, 988 (9th Cir. 2001), *amended by* 275 F.3d 1187 (2001) (noting that a plaintiff can "plead himself out of a claim by including . . . details contrary to his claims").

[18] Fed. R. Civ. P. 8(a)(2).

[19] *Ashcroft v. Iqbal,* 556 U.S. 662, 678 (2009).

[20] *Washington v. Los Angeles Cnty. Sheriff's Dep't.,* 833 F.3d 1048, 1056 (9th Cir. 2016) (internal quotation marks omitted).

[21] *Gordon v. City of Oakland*, 627 F.3d 1092, 1094 (9th Cir. 2010) (citing *Albrecht v. Lund*, 845 F.2d 193, 195 (9th Cir. 1988)).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 4 of 17
Case 3:24-cv-00271-RRB     Document 7     Filed 07/23/25     Page 4 of 17

of other facts consistent with the challenged pleading could not possibly cure the deficiency."[22]

## DISCUSSION

I.  **Statute of Limitations**

A statute of limitations is a law that limits the time a plaintiff has to file a case based on the date when the claim(s) accrued.[23] "Statutes of limitations require plaintiffs to pursue diligent prosecution of known claims," and serve to "protect defendants against stale or unduly delayed claims."[24] They also "ensure that claims are filed before essential evidence disappears."[25] Therefore, if a claim is not filed within the applicable statute of limitations, dismissal is proper, including when a plaintiff is self-represented.[26]

A federal claim accrues when the plaintiff knows, or should know, of the injury on which the cause of action is based.[27] A claim ordinarily accrues on date of the injury.[28] A

---

[22] *Schreiber Distributing Co. v. Serv-Well Furniture Co.*, 806 F.2d 1393, 1401 (9th Cir. 1986).

[23] STATUTE OF LIMITATIONS, BLACK'S LAW DICTIONARY (12th ed. 2024); *see also Bird v. Dep't of Hum. Servs.*, 935 F.3d 738, 743 (9th Cir. 2019) ("'[A]ccrual occurs when the plaintiff has a complete and present cause of action, . . . that is, when the plaintiff can file suit and obtain relief.'").

[24] *Smith v. Davis*, 953 F.3d 582, 591 (9th Cir.), *cert. denied*, 141 S. Ct. 878 (2020) (internal citations omitted).

[25] *Belanus v. Clark*, 796 F.3d 1021, 1027 (9th Cir. 2015).

[26] *Robinson v. Alaska Hous. Fin. Corp.*, 442 P.3d 763, 766, 769 (Alaska 2019) (dismissing self-represented plaintiff's complaint for failure to bring tort claim within two years of cause of action's accrual).

[27] *Pouncil v. Tilton,* 704 F.3d 568, 573 (9th Cir.2012) (stating that "[f]ederal law determines when a cause of action for a Section 1983 claim accrues and, hence, when the statute of limitations begins to run"); *see also Wallace v. Kato,* 549 U.S. 384, 388 (2007) (noting that "the accrual date of a § 1983 cause of action is a question of federal law").

[28] *Belanus v. Clark*, 796 F.3d 1021, 1025 (9th Cir. 2015) (quoting *Kimes v. Stone,* 84 F.3d 1121, 1128 (9th Cir.1996)).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 5 of 17
Case 3:24-cv-00271-RRB   Document 7   Filed 07/23/25   Page 5 of 17

claim of deliberate indifference to serious medical needs, including mental health and vision, accrues "when the prisoner 'knew or had reason to know of the [prison] employee's deliberate indifference to his [serious] medical needs.'"[29] "The proper focus is upon the time of the discriminatory acts, not upon the time at which the consequences of the acts became most painful,"[30] because otherwise "the statute would begin to run only after a plaintiff became satisfied that he had been harmed enough, placing the supposed statute of repose in the sole hands of the party seeking relief."[31] Under Alaska law, a statute of limitations period is not tolled due a provider's ongoing conduct, but begins accruing on the date on which the plaintiff has enough information to recognize an alleged injury and the provider's role in causing those injuries.[32]

Because Section 1983 does not contain its own statute of limitations, federal courts apply the forum state's statute of limitations for personal injury actions.[33] Federal courts also apply a forum state's law regarding tolling, including equitable tolling, when not inconsistent with federal law.[34] In Alaska, the statute of limitations for personal injury claims is two years.[35] A time-barred claim may be dismissed at the screening stage when

---

[29] *TwoRivers v. Lewis,* 174 F. 3d 987, 992 (9th Cir. 1999).

[30] *Abramson v. University of Hawaii,* 594 F.2d 202, 209 (9th Cir. 1979).

[31] *Wallace,* 549 U.S. at 391.

[32] *See*, e.g., *Park v. Spayd,* 509 P.3d 1014, 1019 (Alaska 2022) (rejecting the argument that the limitations period should be tolled due to the provider's ongoing conduct and emphasizing that a plaintiff's knowledge of the injuries and the provider's alleged negligence triggered the accrual of the claim).

[33] *Butler v. Nat'l Cmty. Renaissance of Cal.*, 766 F.3d 1191, 1198 (9th Cir. 2014).

[34] *See Hardin v. Straub,* 490 U.S. 536, 537–39 (1989).

[35] Alaska Stat. § 09.10.070.

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 6 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 6 of 17

expiration of the applicable statute of limitations "is apparent on the face of the complaint."[36] However, before time-barred claims are dismissed, a plaintiff should first be given an opportunity to address tolling.[37]

### A. Continuing Violation Doctrine

The Ninth Circuit recognizes application of the continuing violation doctrine to Section 1983 claims.[38] The essence of the doctrine "is that 'when a defendant's conduct is part of a continuing practice, an action is timely so long as the last act evidencing the continuing practice falls within the limitations period [.]'"[39] However, discrete acts are not part of a continuing violation just because they are related.[40] The Supreme Court has held that " 'discrete . . . acts are not actionable if time barred, even when they are related to acts alleged in timely filed charges' because '[e]ach discrete . . . act starts a new clock for filing charges alleging that act."[41]

---

[36] *Von Saher v. Norton Simon Museum of Art at Pasadena,* 592 F.3d 954, 969 (9th Cir. 2010) (quoting *Huynh v. Chase Manhattan Bank,* 465 F.3d 992, 997 (9th Cir. 2006)) (internal quotation marks omitted), *cert. denied,* 131 S. Ct. 3055 (2011).

[37] *Cervantes v. City of San Diego,* 5 F.3d 1273, 1276–77 (9th Cir. 1993) (noting dismissal on statute of limitations grounds is disfavored where matters outside the complaint are not considered and where equitable tolling may apply)). *See also* Alaska Stat. § 09.10.140(a) (tolling the limitations period "if a person entitled to bring an action . . . is at the time the cause of action accrues . . . incompetent by reason of mental illness or mental disability").

[38] *Bird v. Dep't of Hum. Servs.,* 935 F.3d 738, 746 (9th Cir. 2019), *cert. denied sub nom. Bird v. Hawaii,* 140 S. Ct. 899 (2020).

[39] *Id.* at 746 (quoted sources omitted).

[40] *Maldonado v. Harris*, 370 F.3d 945 (9th Cir. 2004).

[41] *Bird,* 935 F.3d at 747 (quoting *Nat'l R.R. Passenger Corp. v. Morgan,* 536 U.S. 101, 113–14 (2002) ("Morgan II").

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 7 of 17
Case 3:24-cv-00271-RRB   Document 7   Filed 07/23/25   Page 7 of 17

### B. Tolling during exhaustion of administrative remedies

A prisoner must exhaust his administrative remedies through the prison's grievance procedure before he can file a lawsuit in federal court concerning prison conditions.[42] Exhaustion creates a procedural hurdle for prisoners seeking to litigate their claims in federal court, which is intended to allow the prison system to address complaints internally and take corrective action where appropriate.[43] Therefore, "the applicable statute of limitations must be tolled while a prisoner completes the mandatory exhaustion process."[44] A plaintiff generally does not have to affirmatively plead exhaustion in his complaint.[45] Rather, the failure to exhaust administrative remedies is an affirmative defense that defendants must plead and prove.[46] But, in determining whether a statute of limitations should be tolled, courts often must consider information outside the pleadings.[47]

## II. Screening Review of Plaintiff's Claims

Here, while Plaintiff's claims relate to denials of medical treatment for his left hip, he brings two discrete claims. Plaintiff's first claim arose in 2021 when Defendant Smith denied him medical care, and accrued no later than November 2021, when Plaintiff was

---

[42] 42 U.S.C. § 1997e.

[43] *Fordley v. Lizarraga,* 18 F.4th 344 (9th Cir. 2021); *see also Porter v. Nussle*, 534 U.S. 516, 524 (2002) ("Beyond doubt, Congress enacted § 1997e(a) to reduce the quantity and improve the quality of prisoner suits; to this purpose, Congress afforded corrections officials time and opportunity to address complaints internally before allowing the initiation of a federal case.").

[44] *Soto v. Sweetman,* 882 F.3d 865, 875 (9th Cir. 2018) (quoting *Brown v. Valoff,* 422 F.3d 926, 943 (9th Cir. 2005)).

[45] *Jones v. Bock,* 549 U.S. 199 (2007).

[46] *Fordley v. Lizarraga,* 18 F.4th 344 (2021); *Jackson v. Fong*, 870 F.3d 928 (2017).

[47] *Wisenbaker v. Farwell,* 341 F. Supp. 2d 1160, 1163 (D. Nev. 2004).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 8 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 8 of 17

informed surgery would not be provided. Plaintiff also has alleged a second claim based on alleged inadequate medical care after he was sentenced and resumed seeking medical care.

### A. Plaintiff's 2021 claims appear to be time-barred

The exhaustion requirement justifies tolling the statute of limitations, but it does not justify creating a new accrual rule.[48] Additionally, Plaintiff is entitled to tolling while he was actively exhausting his remedies,[49] but he is not entitled to tolling during the time he abandoned the process. Similarly, there is no continuing violation to toll the statute of limitations because Plaintiff did not pursue treatment between December 2021 and July 2023. Courts reject such theories where there is a gap in care-seeking behavior or distinct denials, rather than a unified, ongoing refusal.[50] For these reasons, Plaintiff's inadequate medical care claims based on the events that allegedly occurred in 2021 became time-barred after the two-year statute of limitations expired towards the end of 2023, at the latest. Although granting leave to amend this claim is likely futile, Plaintiff may bring his claims based on the alleged 2021 events in an amended complaint if he addresses whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations.

---

[48] *Soto v. Sweetman,* 882 F.3d 865, 871 (9th Cir. 2018).

[49] *See*, e.g., *Gonzalez*, 651 F.3d at 322 ("Our sister circuits . . . [hold] that tolling is applicable during the time period in which an inmate is *actively exhausting* his administrative remedies." (emphasis added) (citing *Brown*, 422 F.3d at 943).

[50] *See Maldonado v. Harris*, 370 F.3d 945, 955 (9th Cir. 2004) ("[D]iscrete acts are not actionable under a continuing violations theory merely because they are related.").

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 9 of 17
Case 3:24-cv-00271-RRB   Document 7   Filed 07/23/25   Page 9 of 17

### B. Plaintiff's claims based on the alleged 2023 events

Although Plaintiff brings his claims based on the alleged years of suffering before he received his surgery, he has stated two distinct claims. Plaintiff resumed seeking care in July 2023, received diagnostic imaging in August, and filed a grievance in October 2023. This period presents a separate, timely episode of alleged inadequate medical care. Therefore, Plaintiff's inadequate medical care claim based on the events that allegedly occurred in 2023 are not time-barred and may be brought in an amended complaint provided he can plead sufficient facts to state a plausible claim.

### III. Claims of Inadequate Medical Care

"Individuals in state custody have a constitutional right to adequate medical treatment."[51] However, claims of inadequate medical care may be brought under the Eighth or Fourteenth Amendment, depending on a plaintiff's custody status.[52] Claims for violations of the right to adequate medical care brought by pretrial detainees against individual defendants under the Fourteenth Amendment must be evaluated under an objective standard,[53] whereas, an Eighth Amendment medical treatment claim brought

---

[51] *Sandoval v. Cnty. of San Diego*, 985 F.3d 657, 667–69 (9th Cir. 2021).

[52] *See Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

[53] *Gordon v. Cnty. of Orange*, 888 F.3d 1118, 1122–25 (9th Cir. 2018) (relying on *Castro v. Cnty. of Los Angeles*, 833 F.3d 1060, 1070 (9th Cir. 2016) (en banc) and concluding that the subjective deliberate indifference standard under the Eighth Amendment did not apply to pretrial detainee's inadequate medical care claim under the Fourteenth Amendment). *See also Mendiola-Martinez v. Arpaio*, 836 F.3d 1239, 1246 n.5 (9th Cir. 2016) ("Eighth Amendment protections apply only once a prisoner has been convicted of a crime, while pretrial detainees are entitled to the potentially more expansive protections of the Due Process Clause of the Fourteenth Amendment.").

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 10 of 17
Case 3:24-cv-00271-RRB   Document 7   Filed 07/23/25   Page 10 of 17

by a convicted prisoner must be evaluated under both an objective and a subjective deliberate indifference standard.[54] Plaintiff was a convicted prisoner during the alleged events that occurred in 2023, so his claims must be brought under the Eighth Amendment.[55]

Because Plaintiff had his surgery and demonstrated continued improvement, any claims for injunctive relief now are moot.[56] However, Plaintiff may pursue claims for monetary damages if he can plead sufficient facts to state a plausible claim. Whether a few months' delay between requesting surgery and receiving it is actionable depends on the circumstances—particularly whether the delay was medically harmful or avoidable, and whether the claimed inability to obtain an appointment was pretextual, negligent, or intentional.[57] Absent such allegations, routine delays in scheduling off-site surgeries are generally insufficient.[58]

Additionally, a complaint must allege that the plaintiff suffered a specific injury as a result of the conduct of a particular defendant, and it must allege an affirmative link between that specific injury and the conduct of the defendant.[59] As explained above, Plaintiff's claims based on the alleged events in 2021 are time-barred. The Complaint

---

[54] *Id.*

[55] If Plaintiff is able to demonstrate a basis for tolling the SOL, he must bring his claims based on the alleged 2021 events under the Fourteenth Amendment.

[56] *Alvarez v. Hill,* 667 F.3d 1061 (9th Cir. 2012).

[57] *See Jett v. Penner*, 439 F.3d 1091, 1096–97 (9th Cir. 2006); *McGuckin v. Smith*, 974 F.2d 1050, 1060 (9th Cir. 1992).

[58] *See Toguchi v. Chung,* 391 F.3d 1051, 1059–60 (9th Cir. 2004) (mere medical negligence or differences of opinion do not constitute deliberate indifference).

[59] *Rizzo v. Goode*, 423 U.S. 362, 371–72 (1976).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 11 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 11 of 17

does describe some actions allegedly taken by Superintendent Einerson related to the 2023 claim, including denial of his grievance. However, it refers generally to the "Medical Department" when describing the scheduling delays and does not explain what role, if any, Defendant Smith, a former DOC employee,[60] had in the alleged 2023 events.

To state a plausible inadequate medical care claim under the Eighth Amendment, a plaintiff must plead sufficient facts that, if accepted as true, support each of the following elements:

> (1) the plaintiff faced a serious medical need;
>
> (2) the defendant was deliberately indifferent to that serious medical need: that is, the defendant knew of the plaintiff's serious medical need and disregarded it by failing to take reasonable measures to address it; and
>
> (3) the defendant's act or failure to act caused harm to the plaintiff.[61]

An Eighth Amendment claim must satisfy both an objective and a subjective component test.[62] In other words, the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he also must draw the inference."[63] The Eighth Amendment does "not require the highest quality of

---

[60] Docket 1 at 7.

[61] *See* Ninth Circuit Manual of Model Civil Jury Instructions, Instruction 9.27 and the cases cited therein.

[62] *Farmer v. Brennan*, 511 U.S. 825, 832 (1994) (citing *Hudson v. Palmer*, 468 U.S. 517, 526–27 (1984)).

[63] *Cortez v. Skol,* 776 F.3d 1046, 1050 (9th Cir. 2015).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 12 of 17
Case 3:24-cv-00271-RRB   Document 7   Filed 07/23/25   Page 12 of 17

health care, the community standard of health care, or the most pleasant accommodations possible."[64]

The Court grants Plaintiff leave to file an amended complaint in which he revises his inadequate medical care claim with respect to the events that allegedly occurred in 2023. The amended complaint must separately identify each defendant whom he is alleging caused Plaintiff an injury, when that injury occurred, and what was the intentional decision of that defendant with respect to a denial of medical care that caused Plaintiff's injury.

## IV. Filing an Amended Complaint

An amended complaint replaces the prior complaint in its entirety.[65] Any claim not included in the amended complaint will be considered waived. A complaint need only to allege sufficient factual matter, accepted as true, to state a plausible claim for relief.[66] A claim is "plausible" when the facts alleged support a reasonable inference that the plaintiff is entitled to relief from a specific defendant for specific misconduct.

An amended complaint must contain separately numbered, clearly identified claims. If handwritten, it must be legible. Each claim should identify the specific injury that the plaintiff is alleging has occurred, when that injury occurred, where that injury occurred, and who the plaintiff is alleging caused that specific injury. In addition, the allegations of the amended complaint must be set forth in sequentially numbered short paragraphs, with

---

[64] *Jensen v. Shinn,* 609 F. Supp. 3d 789, 796 (D. Ariz. 2022).

[65] *See* Fed. R. Civ. P. 15; District of Alaska Local Civil Rule 15.1.

[66] Fed. Rule Civ. Proc. 8(a)(2).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 13 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 13 of 17

no paragraph number being repeated anywhere in the complaint.[67] Rule 10(b) of the Federal Rules of Civil Procedure requires that "[a] party must state its claims or defenses as numbered paragraphs, each limited as far as practicable to a single set of circumstances."

If Plaintiff chooses to file an amended complaint, the Court will screen the amended complaint to determine whether it is subject to dismissal or whether there are any plausible claims that may proceed to the next stage of litigation. Should any amended complaint proceed beyond the screening stage, the Court will order service of that complaint on Defendant(s). Plaintiff must not attempt to serve any Defendant until the Court so orders.

## V. The Three Strikes Rule

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous or malicious or fails to state a claim upon which relief may be granted[.]"[68] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[69] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, "the prisoner is under

---

[67] A complaint must consist of continuously numbered paragraphs from beginning to end; do not start each new section with number 1. This allows ease of reference to the various allegations in the complaint and permits the defendants to admit or deny each specific allegation by paragraph.

[68] 28 U.S.C.A. § 1915(g).

[69] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 14 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 14 of 17

imminent danger of serious physical injury."[70] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[71] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[72] In addition to being "imminent," the alleged danger must also be "both fairly traceable to unlawful conduct alleged in [the] complaint and redressable by the court."[73]

**IT IS THEREFORE ORDERED:**

1. Plaintiff's Complaint at **Docket 1 is DISMISSED**. The Court grants Plaintiff leave to file an amended complaint that attempts to correct the deficiencies in the Complaint that are identified in this order.

2. Plaintiff is accorded **60 days** from the date of this order to file either:

    a. <u>First Amended Complaint</u>, in which Plaintiff revises his complaint to address the deficiencies identified in this order. An amended complaint should be on the Court's form, which is being provided to Plaintiff with this order; OR

    b. <u>Notice of Voluntary Dismissal</u>, in which Plaintiff elects to close and end this case.

---

[70] 28 U.S.C. § 1915(g); *see also Andrews v. Cervantes,* 493 F.3d 1047, 1055 (9th Cir. 2007).

[71] *Andrews,* 493 F.3d at 1056 (cleaned up).

[72] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

[73] *Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 15 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 15 of 17

3. If Plaintiff fails to respond to this order, or if an amended complaint is dismissed as frivolous, malicious, or for failure to state a plausible claim, it will count as a strike against Plaintiff. A Notice of Voluntary Dismissal does not count as a strike.[74]

4. Plaintiff's application to waive *prepayment* of the filing fee at **Docket 3 is GRANTED.**

5. Federal law only allows the Court to waive a prisoner's *prepayment* of the fees associated with civil lawsuits. Prisoners must pay the filing fee incrementally until paid in full, regardless of the outcome of the action.[75] Should Plaintiff proceed with this lawsuit, the Court will issue a separate order for the collection of the filing fee.

6. If Plaintiff is released from custody while this case remains pending and the filing fee has not been paid in full, Plaintiff must, within 30 days of his release, either (1) pay the unpaid balance of his filing fee or (2) file a Non-Prisoner Application to Waive the Filing Fee (Form PS11).[76] Failure to comply may result in dismissal of this action.

7. Self-represented litigants are expected to review and comply with the Federal Rules of Civil Procedure, the District of Alaska's Local Civil Rules, and all Court orders.[77] Failure to do so may result in the imposition of sanctions authorized by law, including dismissal of the action.

---

[74] *Spencer v. Barajas*, 40 F.4th 1061 (9th Cir. 2025).

[75] 28 U.S.C. § 1915(b)(1) & (2).

[76] The Court's template forms are available upon request from the Clerk's office and on the Court's website at https://www.akd.uscourts.gov/forms.

[77] Federal Rules of Civil Procedure: https://www.uscourts.gov/rules-policies/current-rules-practice-procedure/federal-rules-civil-procedure; Court's Local Rules: https://www.akd.uscourts.gov/court-info/local-rules-and-orders/local-rules.

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 16 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 16 of 17

8. Self-represented litigants must be ready to diligently pursue each case to completion. Missing a deadline or otherwise failing to pursue a case may result in the dismissal of the action.

9. At all times, all parties shall keep the Court informed of any change of address or phone number. Such notice shall be titled "Notice of Change of Address." The Notice shall contain only information about the change of address, and its effective date.[78] The Notice shall not include requests for any other relief. A Notice of Change of Address form, PS23, may be obtained from the Clerk of Court, if needed. If a plaintiff fails to keep a current address on file with the Court, that may result in a dismissal of the case without further notice to the plaintiff.

10. With this order, the Clerk is directed to send: (1) form PS01, with "FIRST AMENDED" written above the title "Prisoner's Complaint Under the Civil Rights Act 42 U.S.C. § 1983"; (2) form PS09, Notice of Voluntary Dismissal; and (3) form PS23, Notice of Change of Address.

DATED this 23rd day of July, 2025, at Anchorage, Alaska.

/s/ Ralph R. Beistline
RALPH R. BEISTLINE
Senior United States District Judge

---

[78] *See* District of Alaska Local Civil Rule 11.1(b) (requiring a notice of change of address to be filed, as "[s]elf-represented parties must keep the court and other parties advised of the party's current address and telephone number").

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Screening Order
Page 17 of 17
Case 3:24-cv-00271-RRB    Document 7    Filed 07/23/25    Page 17 of 17