THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF ALASKA

| | |
|---|---|
| VERNON BENNETT,<br><br>               Plaintiff,<br><br>     v.<br><br>GEMMA SMITH and CAROL EINERSON,<br><br>               Defendants. | Case No. 3:24-cv-00271-RRB |

## ORDER OF DISMISSAL & NOTICE OF STRIKE

On September 22, 2025, self-represented prisoner Vernon Wayne Bennett ("Plaintiff") filed First Amended Complaint ("FAC").[1] The Court has now screened Plaintiff's FAC in accordance with 28 U.S.C. §§ 1915(e) and 1915A. Upon review, the FAC suffers from the same deficiencies identified in the Court's Screening Order regarding the initial Complaint. In the Screening Order, the Court granted Plaintiff leave to file an amended complaint to (1) address whether he properly qualifies for equitable tolling or other grounds sufficient to overcome the applicable statute of limitations for his claims arising from events that occurred before December 11, 2022, and (2) plead sufficient facts to state a separate claim based on the alleged events beginning in 2023 after Plaintiff was sentenced, transferred to a different facility, and resumed seeking medical care.[2]

The Court recognizes that pleadings filed by self-represented litigants are to be construed liberally, and that federal courts must act with some leniency toward those

---

[1] Docket 8.

[2] *See* Docket 7.

without legal training.[3] However, this leniency does not require the Court to rewrite deficient pleadings.[4] Instead of providing the specific information that the Court directed the FAC to contain, the FAC includes a detailed, chronological account of Plaintiff's experiences. Further, rather than alleging specific facts showing that a new and independent constitutional violation occurred after his transfer to the new facility that would trigger a new statute of limitations period,[5] Plaintiff instead continues to focus on his "persistent and continual efforts" to obtain medical care.[6] In doing so, Plaintiff demonstrates that all of his claims began accruing in or around November 2021, when he first became aware of the alleged denial of surgery, and that his subsequent requests are part of the same continuing course of conduct rather than a distinct, later-accruing claim.[7]

Although it is understandable why Plaintiff seeks to bring all his claims in this case, the two-year statute of limitations clearly has run on Plaintiff's claims stemming from the denial of the recommended surgery in November 2021.[8] Plaintiff was aware of the alleged events at that time, and the FAC fails to demonstrate that he qualifies for equitable tolling

---

[3] *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

[4] *See Pliler v. Ford*, 542 U.S. 225, 231 (2004).

[5] *See Pouncil v. Tilton*, 704 F.3d 568, 581 (9th Cir. 2012) (contrasting a time-barred "delayed, but inevitable, consequence" of a prior decision, with a later timely "independently wrongful, discrete act" beginning "the running of the statute of limitations anew").

[6] *See, e.g.,* Docket 8 at 12.

[7] *See, e.g., Park v. Spayd,* 509 P.3d 1014, 1019 (Alaska 2022) (rejecting the argument that the limitations period should be tolled due to the provider's ongoing conduct and emphasizing that a plaintiff's knowledge of the injuries and the provider's alleged negligence triggered the accrual of the claim).

[8] Docket 8 at 19.

or any other grounds sufficient to overcome the applicable statute of limitations.[9] Plaintiff's assertions that his claims "are not time-barred by statutes of limitations given Plaintiff's unique circumstances, changes of status throughout continual incarceration, and a world-wide health emergency, namely the COVID 19 pandemic"[10] are unavailing.[11] The Prison Litigation Reform Act imposes strict requirements on prisoner litigation, and the Court cannot extend a statute of limitations or waive other procedural requirements based on sympathy or the ingenuity of a plaintiff's arguments.

For these reasons, the Court finds that the FAC must be dismissed for failure to state a plausible claim for relief.[12] A "district court's discretion to deny leave to amend is particularly broad where plaintiff has previously amended the complaint[,]"[13] and the Court finds that allowing Plaintiff leave to file another amended complaint would be futile.[14] Therefore, this case must be DISMISSED. This dismissal counts as a **"strike"** under

---

[9] See *Johnson v. California,* 207 F.3d 650, 653 (9th Cir. 2000).

[10] Docket 8 at 18.

[11] *Cf. Brown v. Holbrook,* 2023 WL 2445685, at *2 (9th Cir. Mar. 10, 2023) (finding that the COVID-19 pandemic did not give rise to "extraordinary circumstances" that would entitle a [litigant] to equitable tolling of his limitations period, where he "fail[ed] to explain how the pandemic generally had an 'extraordinary' influence in [his] 'particular situation.'"). *See also Dragasits v. Covello*, 2022 WL 207730 at *7, (S.D. Cal. Jan. 24, 2022) ("[G]eneral claims of prison lockdowns and lack of access to the prison law library as a result of the COVID-19 pandemic alone are insufficient amount to the 'extraordinary circumstances' required to entitle an inmate to equitable tolling.").

[12] *See* Fed. R. Civ. P. 8(a)(2) (a pleading must contain "a short and plain statement of the claim showing that the pleader is entitled to relief"); *McHenry v. Renne*, 84 F.3d 1172, 1178 (9th Cir. 1996) (a complaint does not comply with Rule 8 if "one cannot determine from the complaint who is being sued, for what relief, and on what theory"); *Nevijel v. N. Coast Life Ins. Co.,* 651 F.2d 671, 674 (9th Cir. 1981) (a complaint that is "verbose, confusing and conclusory" violates Rule 8).

[13] *City of Los Angeles v. San Pedro Boat Works,* 635 F.3d 440, 454 (9th Cir. 2011) (quoting Ascon *Props., Inc. v. Mobil Oil Co.,* 866 F.2d 1149, 1160 (9th Cir.1989)).

[14] *Williams v. California,* 764 F.3d 1002, 1018-19 (9th Cir. 2014) ("The fact that Plaintiffs have already had two chances to articulate clear and lucid theories underlying their claims, and they failed to do so, demonstrates that amendment would be futile.").

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Order of Dismissal
Page 3 of 5
Case 3:24-cv-00271-RRB     Document 9     Filed 02/20/26     Page 3 of 5

28 U.S.C. § 1915(g), which may limit Plaintiff's ability to bring future civil rights cases in federal court.

## THE THREE STRIKES RULE

The Prison Litigation Reform Act requires that a self-represented prisoner receive a "strike" when a case he has filed in federal court is dismissed "as frivolous, malicious, or fails to state a claim upon which relief may be granted[.]"[15] The "three strikes" provision was "designed to filter out the bad claims and facilitate consideration of the good."[16] Once a prisoner-plaintiff has accumulated three strikes, he is prohibited from bringing any other civil rights cases in federal court without prepaying the full filing fee unless he makes "plausible allegations" that, at the time he filed the complaint, he is under imminent danger of serious physical injury, and that danger must fairly traceable to the unlawful conduct of the defendants alleged in the complaint and redressable by the Court.[17] Imminent danger requires an allegation that a harm is "ready to take place" or "hanging threateningly over one's head."[18] It cannot be triggered solely by complaints of past injury or generalized fears of possible future harm.[19]

**IT IS THEREFORE ORDERED:**

1. This action is **DISMISSED.**

---

[15] 28 U.S.C. § 1915(g).

[16] *Jones v. Bock,* 549 U.S. 199, 204 (2007).

[17] 28 U.S.C. § 1915(g); *see also Ray v. Lara,* 31 F.4th 692, 701 (9th Cir. 2022) (adopting nexus test).

[18] *Andrews v. Cervantes,* 493 F.3d 1047, 1056 (9th Cir. 2007).

[19] *Id.* at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint.").

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Order of Dismissal
Page 4 of 5

2. This dismissal counts as a **"strike"** under 28 U.S.C. § 1915(g).

3. All pending motions are **DENIED as moot.**

4. With this order, the Clerk shall send one copy of the Court's Screening Order at Docket 7.

5. The Clerk shall issue a final judgment and close this case.

DATED this 20th day of February, 2026, at Anchorage, Alaska.

*/s/ Ralph R. Beistline*
RALPH R. BEISTLINE
UNITED STATES DISTRICT JUDGE

Case No. 3:24-cv-00271-RRB, *Bennett v. Smith, et al.*
Order of Dismissal
Page 5 of 5
Case 3:24-cv-00271-RRB    Document 9    Filed 02/20/26    Page 5 of 5